McKinney, J.,
delivered the opinion of the court.
This is an action of trover for the alleged conversion of a female slave, by the defendant Hodge, claimed to be the property of the plaintiff.
The decision of the case depends upon the priority of conflicting liens. The facts of the case are as follows:
The defendant, as sheriff of Lincoln county, levied on and sold said slave as the property of Ira E. Douthet, by virtue of two executions issued upon judgments rendered in the circuit court of said county, at the November term, 1850, against said Douthet, and one Byrum, jointly. These executions were issued on the 12th December, 1850, and bear test the first Monday of November preceding — -that being the first day of the term, and also the day on which the judgments were rendered, which term commenced on the 4th day of said month.
The plaintiff claims said slave under a conveyance, by bill of sale, purporting to have been executed by said Ira E. Douthet, to the plaintiff, on the same day the above mention *372 ed judgments were rendered; namely, the 4th of November} 1850, which bill of sale appears by the register’s certificate, to have been filed for registration in the office of Lincoln county, on the day it was executed, at the hour of 11 o'clock, A. M.
The plaintiff on the trial insisted that he was vested with the prior and better title to the slave sued for, on the ground that in point of fact, the rendition of said judgments was subsequent to the time at which his bill of sale was filed and noted on the register’s book, and, therefore, the lien of said bill of sale, by force of the act of 1841, ch. 12, sec. 2, was prior to that of said judgments.
In this view, the plaintiff proposed to prove by witnesses the hour of the day at which the court commenced its session on Monday, the first day of the term ; and also, the time of the day at which said judgments were rendered.
The court refused to admit this evidence, and instructed the jury, in substance, that the lien of the executions related to the first instant of the day, of which they were tested; and that the lien of the bill of sale, only related to the hour of the day at which it was filed for registration, and therefore was inoperative as against the prior lien of the judgment creditors.
In this instruction, we think there is no error. By the common law, an execution bearing teste of the term at which it is rendered, relates to the first day of the term, and its lien attaches upon the personal property of the judgment debtor at that time, because, by intendment of law, the judgment is taken to have been rendered on that day.
This fiction of relation may, however, be repelled, and the true time of signing judgment may be shown, if it can be made to appear from anything in the record itself,
But it is not admissible by any inferior evidence, to contra™ *373 diet the date of the judgment, which, by legal fiction, is the first day of the term.
Under our practice, the minutes of each day’s proceedings of the court furnish record evidence of the day on which each particular judgment is rendered; and also, of the hour of the meeting of the court on each day, except the first day of the term.
But there being nothing in the record, generally speaking, to show at what hour the court met on the first day, the fiction of relation applies, and judgments rendered on that day must be held to relate to the first instant of the day; and executions issued thereon, tested of that day, must necessarily have the same relation. See 9 Humph. 312, and cases there cited.
The judgment will be affirmed.